any judgment of conviction. Under these circumstances, I do not believe a claim of double jeopardy has merit. At the time the Code of Criminal Procedure was amended to permit the People to appeal in a situation as at bar (Code Crim. Pro., § 518, subd. 3), the Judicial Council noted that it "believed that this change would be constitutional, although a question of double jeopardy exists" (see Eighth Annual Report of N. Y. Judicial Council, 1942, p. 63; see, also, Fifth Annual Report, 1939, p. 41). The question of double jeopardy has not been answered by our Court of Appeals and is therefore still open (see *Matter of Kraemer* v. *County Court of Suffolk County*, 6 N Y 2d 363, 369). I agree with the Judicial Council that subdivision 3 of section 518 is constitutional (see, generally, 1 Wharton's, Criminal Law, §§ 395, 397). Accordingly, I conclude that (1) the order should be reversed, (2) the People directed to file and serve a further bill of particulars and (3) a new trial ordered.

JOHN ROBBINS et al., as Executors of MARY NOE, Deceased, Respondents, v. JOSEPH J. HEALY et al., Appellants.—

Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

ANNA C. SCHILLER, Plaintiff, v. COUNTY OF NASSAU et al., Defendants. (Action No. 1.) ANNA C. SCHILLER, Plaintiff, v. RALPH JANNOTTA, INC., Defendant and Third-Party Plaintiff-Respondent; PETER SCALAMANDRE & SONS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 2)

Christ, P. J., Rabin, Hopkins, Munder and Latham, JJ., concur.

PAUL SCHWENN, JR., Respondent, v. WALLACE D. CACHO, JR., et al., Defendants, and JAMAICA HOSPITAL, Appellant.—

Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.

PETER H. TRAPP, Respondent, v. ADOLPH M. METZ, Appellant.—

Christ, P. J., Rabin, Munder and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to grant a new trial on the issue of damages solely, with the following memorandum: This case comes before us in a curious posture. Plaintiff sued for damages in this action based on medical malpractice and has recovered a verdict. Defendant's brief admits for the purpose of the appeal that he "should have diagnosed and treated the plaintiff's condition sooner"; and the appeal is directed toward the issue of damages alone. Defendant contends that plaintiff's claim of damages arising from heightened anxiety because a cancerous growth was not discovered and excised within the time that it should have been, had defendant not been guilty of malpractice, was not properly proved on the trial. Plaintiff's brief concedes that the record is "sparse" with respect to this issue and consents to a new trial. Defendant's reply brief urges a dismissal of the complaint, on the ground that damages were not established and could not have been established under the circumstances. On this state of the record, I do not believe that a dismissal of the complaint is warranted. It is now settled law that a proper item of damage is mental suffering caused by fear of cancer (*Ferrara* v. *Galluchio*, 5 N Y 2d 16). A failure to disclose a physical condition which may lead to serious consequences is a predicate for an award of monetary damages due to mental anguish (*Vara* v. *Drago*, 24 A D 2d 888); and equally, it would seem to me, would a failure to make a proper diagnosis of the serious condition of a cancerous growth give rise to mental anguish over whether the delay in diagnosis might cause death. Our experience teaches us that in the present state of medical science the fear of cancer is pervasive and justifiable wherever the existence of a tumor is suspected; and that it is a critical factor in the successful treatment of the condition that it be discovered early in its development. Defendant argues, however, that the